CLEMM vs. WILCOX, AS AD.

A tenant, who enters under the title of his landlord, cannot continue to hold over, and yet contest his landlord's title to the premises, or to the rents, by setting up an adverse after acquired title to the premises in himself, though he had given notice to the landlord of that fact, and that he would no longer hold under him or pay him rent.

*Writ of Error to Crawford Circuit Court.*

The Hon. A. B. GREENWOOD, Circuit Judge.

Curran, for the plaintiff. A tenant may dispute the title of his landlord, when he disclaims the tenure, and claims the fee in his own right, and the landlord has notice thereof, and the relation of landlord and tenant theretofore existing is put an end to. *Walden et al. vs. Bodly*, 14 *Peters S. C. Rep.* 156; *Jackson vs. Davis*, 5 *Cow.* 123; *Jackson vs. Rowland*, 6 *Wend.* 666; *Jackson ex. dem., Waldron & Eltie, his wife vs. Welden*, 3 *J. R.* 283.

Mr. Justice Walker delivered the opinion of the Court.

This was an action of assumpsit, tried in the Crawford Circuit Court, and, by consent of parties, submitted, upon the general issue, to the Court sitting as a jury, upon the following agreed state of facts: That the plaintiff's intestate, in his [life-time, entered into an agreement with John Drennen for the purchase of two town lots, and thereafter intestate erected a two-story brick house, and other buildings, upon the lots; that intestate resided upon the lots until his death, without having paid the purchase money for them; that Wilcox, as administrator, rented the premises to the defendant, Clemm, for $7 per month, and that defendant entered upon the premises as tenant under Wilcox, and paid to him the rents for six months, when Drennen conveyed the lots by deed in fee simple to the defendant; whereupon defendant informed Wilcox, the plaintiff, of his thus acquired title to the premises, and that he would no longer pay him rent for the same; that Drennen, at the time of making the agreement with the intestate, was seized in fee of the premises; that intestate entered, under a parol agreement, and erected the buildings on the lots, with the knowledge and consent of Drennen; all of which facts were well known to the defendant, who has ever since had possession.

It was further agreed between the parties, that if the plaintiff, under the above state of facts, was entitled to recover the rents from the defendant, that he is entitled to the sum of $144 20, with interest from the 8th of October, 1849, up to the rendition of the judgment.

Upon this state of facts, the Court, sitting as a jury, found a verdict for the plaintiff, and rendered judgment accordingly. The defendant moved the Court to set aside the verdict, and grant a new trial, but the motion was overruled. The defendant excepted and brought the whole case before this Court for consideration.

The contest between the parties is narrowed to a single point. Did the deed from Drennen (the legal owner of the premises) to Clemm, conceding that he thereby acquired a legal title to the premises, and his notice to the plaintiff of that fact, and that he would no longer hold under him or pay rent, so change the relation of landlord and tenant between the parties, as to exempt the defendant from further liability to the plaintiff as his tenant. Or, in other words, can the tenant, who enters under the title of the landlord, continue to hold over and yet contest his landlord's title to the premises, or to the rents, by setting up an adverse after acquired title to the premises in himself ?

The general rule is certainly well established that he cannot; and it rests not alone upon technical grounds, but is founded in convenience and sound policy ; for although the landlord may not hold by a superior title to some other, yet he had the possessory title, which was of value to him and to the tenant, who by entering under him admitted his right to the premises, and it is a breach of good faith to retain the possession of the premises and set up an adverse title to that of his landlord, acquired during his tenancy. The rule in such cases is, that if he wishes to contest with his landlord the right of property, he must first surrender to him his rightful possession thereof. (*Read vs. Shepley*, 6 *Verm. Rep.* 602; *Galney vs. Ogle*, 2 *Binney* 468; 3 *Barb. Ch. Rep.* 528, *Bank of Utica vs. Mereau*.) By setting up such adverse title, he so far violates his contract as tenant, as to make it discretionary with the landlord to dissolve the relation of land-lord and tenant between them, and to proceed at once to evict him or not, but the tenant can avail himself of no such advantage. The only benefit which may result to the tenant is, that it fixes a period, from which his adverse possession dates, and

which, if permitted to continue, may eventually enable him to plead the statute bar of limitation against his landlord. The case of *Jackson vs. Rowland*, 6 *Wend.* 666, is the most favorable to the position assumed by the counsel for the plaintiff in error; but upon examination of that case, it will be seen the relative position of landlord and tenant, did not, in strictness, exist between the parties, as conceded by the Court, when commenting on the facts of the case. In addition to that case, and the other cases cited by counsel, is that of *Calhoun vs. Perrin*, 2 *Brevard's Rep.* 247, which would seem to hold that an adverse title, acquired by the tenant after his entry upon the premises, might be pleaded in bar of a recovery by the landlord in a suit against him for possession. But the current of decisions would seem to establish a different rule, and one which we think best sustained in reason and justice. There was, therefore, no error in the decision and judgment of the Circuit Court in denying the defendant the benefit of this defence. Let the judgment be affirmed.

Mr. Chief Justice WATKINS said:

1. The case was submitted upon an agreed statement of facts, a practice greatly to be encouraged. The submission was necessarily to the Court, not to a jury, or the Court sitting as a jury; nothing remained but for the Court to declare the law, with reference to the pleadings, arising upon the facts admitted, when made a part of the record, either by the agreement of parties with leave of the Court, or by means of a bill of exceptions. In such case, a motion for new trial and bill of exceptions to the decision of the Court overruling it, involve a manifest inconsistency, though resorted to, as it no doubt was, in this case, out of abundant caution.

2. There is no place here for the application of the principle recognized in *Crittenden vs. Woodruff*, 6 *Eng.* 82; that the grantee is not estopped, by the acceptance of an estate, from denying that he acquired any estate from the grantor, and may, therefore, dispute his widow's right to dower dependant upon the

14BB

estate of her husband.  The relation of landlord and tenant, with
or without deed, creates an equitable estoppel, mutual in its ope-
ration.  It arises wherever one person has obtained possession of
the land of another under an obligation, express or implied, to
restore it, or to perform some further debt or duty, growing out
of the contract, by virtue of which he obtained the possession.
Such is the case of a vendee in possession, under an agreement
that he shall acquire title on payment of the purchase money,
and the rule applies between mortgager and mortgagee.  The
obligation of the tenant to restore the possession, and to pay a
reasonable compensation for the use and occupation, while he
remains in possession, though no rent has been reserved, (*Digest,
title, Landlord and Tenant, sec.* 13,) is implied from the relation
of landlord and tenant: an obligation resting upon sound policy
and essential for the preservation of good faith.

3. The tenant may show that the title of the landlord has ceased
or become extinguished, since the creation of the tenancy.  But
this is not for the gain or advantage of the tenant, but for his
protection, and presupposes the inability of the landlord to assure
him the further continuance of the possession derived under the
lease.  The tenant may acquire, or accept and hold under a para-
mount outstanding title, whenever he has no alternative but to
attorn or be turned out of possession.  In this case, the intestate
of the plaintiff below, according to *Keatts vs. Rector,* 1 *Ark.* 418,
following the course of decisions upon the statute of frauds, by
entering upon the land in question, and proceeding to build a
house, upon the faith of a parol agreement of purchase, acquired
an equitable estate, by reason of his part performance, which
took the case out of the statute, and entitled him to a decree for
full and specific performance on payment of the purchase money,
or the performance of such other condition as may have been
imposed on him by the terms of the contract, the time of pay-
ment not appearing to be of the essence of it.  This equitable
estate descended to his heirs, was assets for the payment of his
debts, and by statute, concerning administration, the right of

possession and authority to lease it became vested in the plaintiff as his representative. Drennen, the vendor, might have prosecuted his demand for the purchase money against the estate of the intestate, or he might have recovered the possession by ejectment, if the time of payment had elapsed, or he might have proceeded by bill in chancery to assert his lien, and subject the land to the payment of the purchase money. If the vendor, by the assertion of his superior title, in any legitimate mode, had placed the tenant in a position, where he was liable to be ejected by process of law, he would then have been at liberty to renounce the tenancy, and acquire the better title. But here the intestate had, and for aught that appears, his heirs or representatives have yet a continuing right to perfect his equitable estate into a legal one, and acquire the title by performance of the conditions. The conveyance to the defendant, by Drennen, was a declaration of intention, on his part, to cancel the original contract of sale, or to treat it as having been forfeited by the intestate. Such power to declare a forfeiture, does not appear to have been reserved to the vendor; and though it might be acquiesced in, the conveyance to the defendant could not, of itself, operate to divest the equitable estate of the intestate, an incident to which was the right of possession. That right of possession had been confided to the defendant under an agreement of lease. The defendant stands in the attitude of having voluntarily acquired the naked legal title; the effect of which may be to subrogate him to all of the vendor's rights, including his lien for the purchase money, his right to foreclose or bring ejectment; but, on principle, according to the doctrine of equitable estoppel, in order to avail himself of any benefit derived from the acquisition of a hostile claim, he must first have placed himself in the position of the vendor, by surrendering the possession to the landlord. The tenant, who disclaims, or holds adversely, ought not to be allowed to deprive the landlord of his election to determine the lease and bring ejectment, and so, under the statute, to be restored by the summary proceeding of unlawful detainer, or to hold him ac-

countable for the accruing rents, by sheltering himself under an outstanding better title, unless the acquisition of that title, or his submission to it, become essential to his continued enjoyment of the possession. His renunciation, to be lawful, must be compulsory: until then, his possession is that of the landlord, and which, as against an adverse claim remaining dormant or unasserted, may ripen into a perfect estate, and so become an important muniment of title. But, even if the attempt of the tenant to couple his present possession with an outstanding title, acquired during the tenancy, were not a breach of his fidelity and duty, according to the view I take of this case, the title of the landlord did not cease or determine by the conveyance to the tenant, whereby he acquired such title as Drennen had to convey and no more, which was, in equity, a lien upon the land, until enforced by suit, not inconsistent with the equitable estate and right of possession which the intestate had acquired.

For these reasons, I concur in the conclusion that the judgment of the Court below ought to be affirmed.