The judgment appealed from is therefore affirmed.

Rehearing refused by WHOLE COURT.

---

(92 South. 704)

No. 24762.

## JOHNSON v. LOUISIANA RY. & NAV. CO.

(June 27, 1922. Rehearing Denied by Whole Court July 17, 1922.)

*(Syllabus by the Court.)*

1. **Landlord and tenant ⊚⇒17 — Estoppel is mutual, and lessor cannot deny obligations as such.**

　The estoppel between landlord and tenant as to title in the former is mutual, and the landlord can no more deny his obligations as owner and lessor than the tenant can dispute his rights as such.

2. **Landlord and tenant ⊚⇒124(1)—In absence of agreement, tenant of room has use of porches in common with others.**

　In the absence of agreement to the contrary, the tenant of a room in a house has the use of the porches accessible from such room, in common with the other occupants.

*(Additional Syllabus by Editorial Staff.)*

3. **Landlord and tenant ⊚⇒164(1)—One taking possession by permission of landlord's agent not a trespasser, as regarded liability for injuries.**

　A lessee of a room, who took possession of a room other than the one rented, by permission of one in charge of the property as a sort of superintendent, factotum, and go-between, was not a mere trespasser, as far as liability for personal injuries was concerned.

4. **Damages ⊚⇒130(4) — Seven hundred and fifty dollars held adequate for broken arm and injury to knee.**

　Where plaintiff broke both bones of her right forearm, and suffered a severe contusion of the right knee, and was confined to her bed for a week, and her arm was in splints for three months, a judgment for $750 was adequate.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Mrs. Nellie Johnson against the Louisiana Railway & Navigation Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

Herbert W. Kaiser and Fred A. Wulff, Jr., both of New Orleans, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

ST. PAUL, J. This case involves only issues of fact, and the testimony is conflicting on almost every point. The district judge, who saw and heard the witnesses, believed the plaintiff and her witnesses; and no compelling reason is suggested by the record or

otherwise, why it was error for him to do so. We do not think he erred.

## I.

The defendant owns a number of tenement houses in which it lets rooms by the month. Its president owns others in the same neighborhood, which he also lets in the same way. All these houses are known to the tenants and to the neighbors as "railroad property." The company and its president employ the same collector, each paying half his salary; and all receipts for rent are made out upon forms of which carbon copies are kept by the collector. These forms all bear at the top the name of the company, its office address, and phone number. A score or more of them were produced at the trial, and one was brought up in the original as a sample of all others. Each bears a serial number, put on by a numbering machine; the carbons bear the same serial number, put thereon in the same way. Their use has been extensive, the one before us bearing the serial number 48431. An officer of the company, to wit, the secretary to the president, audits these receipts regularly.

[1] Hence the company had knowledge that all these tenements were rented as its property; and, since the estoppel between landlord and tenant is mutual, the company can no more deny its obligations as lessor and owner thereof than the plaintiff could have disputed its rights as such. Clemm v. Wilcox, 15 Ark. 102, 106; Davis v. Williams, 130 Ala. 530, 535, 30 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55; La. Civil Code, arts. 2677, 2692, 2693, 2695.

It is therefore quite immaterial for the purposes of this case that the premises on account of which this controversy arises, belonged to the president of the company and not to the company itself, the ostensible lessor thereof.

## II.

Plaintiff leased a room at No. 1320 Girod street, and paid her rent in advance. Finding that this room leaked, she applied for another to a woman whom defendant's collector had placed in charge of the properties as a sort of superintendent, factotum, and go-between to look after the tenants, bring him their rent, and take back the receipts which he gave her. This person told plaintiff that there was a vacant room at No. 1312 Girod street, which she could have; and plaintiff moved in.

Three days later plaintiff walked out on a side porch to hang up a towel and stepped on a plank which broke under her; whereby she lost her balance and fell to the ground 12 feet below.

## III.

[2, 3] The contention that plaintiff was a mere trespasser when she entered the premises No. 1312 Girod, is therefore unfounded on the facts as we find them. It is also contended that she was a trespasser when she went upon the porch which was not leased to her; and where it is said she was forbidden to go. Pretermitting the inconsistency between the claim that defendant entered the premises No. 1312 without permission, and the claim that she was forbidden to go on the porch, we find as a fact that nothing was said to her about not using the porch. And we hold, as a matter of law, that, renting a room in the house, she had the use of the porches accessible therefrom, in common with the other occupants of the premises, in the absence of agreement to the contrary; the sole purpose of porches to a house being apparently for the use of the occupants, as we can conceive no other use for them.

## IV.

[4] Plaintiff broke both bones of her right forearm and suffered a severe contusion of the right knee. She was confined to her bed for a week, and her arm was in splints for three months. The evidence is not sufficient to conclude that she was any more seriously injured than this.

The trial judge allowed her $750, and she asks for an increase. We think the amount allowed by the district judge sufficient.

### Decree.

The judgment appealed from is therefore affirmed.

Rehearing refused by the WHOLE COURT.