## No. 8848.
## Orleans Appeal

MRS. RAY LEVI, WIFE and C., Appellant, V. CRESCENT CITY SELTZER AND MINERAL WATER CO., INC.

(May 25, 1925, Opinion and Decree.)

### (Syllabus by the Court.)

1. Louisiana Digest—Landlord and Tenant —Par. 4; Pleading—Par. 115; Evidenc —Par. 53, 59.
In order to recover under Article C. C. 670 plaintiff must prove that the defendant was the owner of the property.

2. Louisiana Digest—Landlord and Tenant —Par. 4; · Pleading—Par. 115; Evidenc —Par. 53, 59.
In order to recover under Article C. C. 2692 2695 plaintiff must prove that the defendant was his lessor.

3. Louisiana Digest—Mandate—Par. 6, 8.
Plaintiff suing a corporation as his lessor represented by an agent must prove that the agent was authorized by the corporation expressly or impliedly to lease the property to the plaintiff.

(Civil Code, Article 2315.    Editor's note.)

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is ·a damage suit caused by the fall of a set of steps.

Judgment for defendant and plaintiff appealed.    Judgment affirmed.

Paul W. Maloney, attorney for plaintiff and appellant.

Richard B. Otero, C. S. Hebert, attorneys for defendant and appellee.

CLAIBORNE, J. Plaintiff claims of the defendant Five Thousand Dollars damages for injuries suffered by her when certain steps of premises occupied by her fell.

She alleged that her husband, George W. Garic, leased from the defendant the Crescent City Seltzer and Mineral Water Company the premises No. 1015 N. Dupre Street; that as she was ascending the rear steps in order to get into her apartment the said steps broke with her weight, throwing her to the ground and injuring her severely; that the accident was caused by· the negligence of the defendant in allowing said steps to get into a dangerous condition.

The defendant denied all the allegations in plaintiff's petition contained.

There was judgment in favor of defendant and plaintiff has appealed.

For reasons of judgment the learned District Judge found that "the defendant entered a general denial, and on the trial of the case, offered proof to show that it was not the owner of the premises on which plaintiff was injured, and was not the lessor thereof."

An inspection of the transcript satisfies us that the judge did not err.

Plaintiff's action is not ex delicto, under C. C. 670, for the title of the property shows that it was acquired in 1917· by Isabella Gillan, wife of Henry Silver, and sold by her in 1921 to Patrick W. Gillan. It follows that the plaintiff has no right of action against the defendant, as owner.

Nor has she any right of action under C. C. 2692-2695, because she was not the "lessee" of said premises, and that those articles extend their protection only to lessees. The learned counsel for plaintiff is in error in arguing that the plaintiff was a tenant of the defendant. She states in her petition that the premises had been "leased by her husband".

In Brodtman vs. Finerty, 116 La. 1103, 41 South. 329, and in Bianchi vs. Del Valle, 117 La. 590, 42 South. 148, it was held that the wife had no claim against the lessor when the husband had none as lessee. But these decisions were reversed in Ciaccio vs. Carbajal, 142 La. 127, 76 South 583; Breen vs. Walters, 150 La. 585, 91 South. 50; Ciaccio vs. Carbajal, · 145 La. 870, 83 South. 73.

If the wife is not bound by the law and the contract against the husband, it would seem to follow that she cannot rest a case upon a law or a contract in favor of her husband alone.

But the plaintiff's husband testifies that he rented the house from the defendant Company through its representative, Pat Gillen.

The plaintiff's husband testifies as follows:

Q. What was the conversation between you and Mr. Pat Gillin?

A. I said to him (Gillin): "I understand my wife rented this house from you; is it all right," and he said: "All right."

Q. That's the whole transaction?

A. Yes, sir.

Q. Well, how did your receipts read?

A. The receipts read: Crescent City Seltzer Water Works, per Miss Gillin, with a red stamp on the bottom."

None of the receipts were ever produced, although called for. Nor is it shown that Miss Gillin acted for the defendant.

The plaintiff testifies: "I had receipts from Mr. Gillin, I had receipts from Mrs. Silver, and I had receipts from the Crescent City Seltzer Water Company, per Miss Gillin."

Patrick Gillin says that he was the manager of the Crescent City Seltzer Water Company; the president was his sister, Mrs. Silver, the owner of the property at the time of the accident; the defendant Company never owned the property 1015 N. Dupre Street; the plaintiff rang him up by phone and asked to rent the property; he told her the property belonged to his sister, Mrs. Silver; no part of the rent ever passed into the treasury of the defendant.

Mrs. Silver testified that she owned the house 1015 N. Dupre Street at the time of the accident; when she went to collect the rent the plaintiff would be out; so she told her that "there was no use for her to go out there for nothing, that she could send it to the factory; that either her brother or his book-keeper would be there, or his daughter could receive it, as long as she paid the rent," she did not give any of the receipts, and never saw any of them, and did not know that they were given in the name of the defendant company.

Mrs. M. P. Abbott, Miss Catherine Gillin that was, testified that she was the daughter of Pat Gillin; that she lived next door to the plaintiff, who often paid her rent to her, and that she took it to the factory and gave it to her aunt, Mrs. Silver; she did not work for the defendant; she just went to the factory to help her father out.

The record shows affirmatively that the defendant never owned the property 1015 Dupre Street. Nor is there anything to show that the defendant held itself out as owner, or authorized Miss Gillin or any one else to sign rent receipts in its name.

The plaintiff relies upon the case of Johnson vs. La. R. & N. Co., 151 La. 1075, 92 South. 704. But in that case the defendant and the President of the Company owned numerous houses in the same neighborhood; the Company and its President employed the same agent and collector; the tenants were not informed of the names of the respective owners and all rent receipts were alike, signed by the same agent, on receipts similar in form and language, and all bore at the top the name of the defendant; and all carried a serial number; the same kind of receipt was given to all tenants of both owners; the last bearing the number 48,-431; the same office of the defendant audited all those receipts. Thus the defendant held itself out to the plaintiff as owner and lesser. These features do not exist in this present case.

Judgment affirmed.