COSEY v. SCOTT

(November 3, 1931. Opinion and Decree.)

F. Carter Johnson, of New Orleans, attorney for plaintiff, appellant.

Walter M. Barnett, Jr., of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Mrs. Elizabeth Cosey alleges that she was a tenant in the premises No. 2612 Belmar Place, owned by the defendant, and that on August 20, 1928, while descending the steps leading from the front porch, they gave way on account of their rotten condition and she fell, sustaining an injury to her foot, ankle and leg, necessitating medical attention and confinement to her home in bed for two months, and the application of a plaster cast for the same period of time. She claims $2,000 damages for the pain and suffering and permanent injury to her ankle. Defendant admits that he was the owner of the property and that plaintiff was a tenant therein, but denies that the steps were in a decayed or weakened condition and that the plaintiff sustained any accident or injury.

There was judgment in favor of defendant dismissing the suit and plaintiff has appealed.

The case presents solely a question of fact. Plaintiff and one Charlie Harris, a carpenter, testified that on August 20, 1928, about 9:00 o'clock in the morning, plaintiff, while walking down the front step of the rented premises, fell due to the fact that the support of the step gave way on account of its decayed condition; that in falling plaintiff's leg became engaged in the boards of the step and that it was necessary for Harris to lift her and assist her into the house. Plaintiff and her husband (who did not witness the accident) testified that she was confined to the house and her bed, except for the times that she went to the doctor's office with his assistance. Dr. Smith testified that he treated the plaintiff on or about August 20, 1928, for a sprained ankle and applied a plaster cast; that he treated her for

about 25 days and that she did not return for further attention.

The defendant's evidence as to the condition of the steps in question consisted of the testimony of himself, Lilly Viola Eugene, a woman who lived in half the house with plaintiff, Donel Castain, a contractor who had built a garage for the defendant and a residence for the plaintiff and her husband, and Antoine Charles, a carpenter who did repair work for the defendant. All of these witnesses testified that they frequently observed the step and that it was in good condition and in a proper state of repair before and after the accident. Antoine Charles testified that he had repaired the step in January, 1928, and that he used good sound material in doing so. His testimony as to these repairs was corroborated by the defendant.

On the question of plaintiff's physical condition, Marx Jeffer, a real estate salesman, James Malochee, secretary and manager of a building and loan association, and Donel Castain, carpenter and contractor, all witnesses for the defendant, testified that on September 20, 1928, the plaintiff went from her residence to the United Fruit Company Building, in which the building and loan association had its office, where she transacted business for about ten minutes; that she did not appear to have been under any physical disability and walked unaided and unassisted. This testimony is in flat contradiction of her own and her husband's testimony, that it was necessary for her to be supported on either side and that she walked with a crutch. Donel Castain and Lilly Viola Eugene, testified that they observed the plaintiff at her residence during the months of August and September, 1928; that she was doing her own housework, washing and ironing, et cetera, and the only evidence of injury that they saw was a piece of gauze on her foot. Lilly Viola Eugene also testified that the plaintiff had told her that she had a blister on her foot from wearing a tight shoe and she further testified that on or about August 20, 1928, the plaintiff slipped and fell while attempting to ascend the front step, complaining that she had hurt herself; that her fall was due not to any defect in the step, but the fact that she was not looking where she was going. Dr. William A. Love, defendant's witness, testified that he examined plaintiff's foot and ankle on December 23, 1930, and had an x-ray picture taken and found them to be in a normal condition. The plaintiff's excuse for not having presented herself sooner for examination to this doctor, as requested, was that she had been ill.

The testimony of the plaintiff's and the defendant's witnesses is hopelessly in conflict. To accept the evidence of the plaintiff and her witnesses as true would establish a case for her, and to believe the defendant's testimony and that of his witnesses would establish a bar or defense to plaintiff's recovery. The case, in its last analysis, involves a matter of credibility. It appears to us that the disinterested witnesses produced by the defendant contradicted the plaintiff and her witnesses in material respects, i. e., as to the condition of the step and her disability, which seriously affects their credibility. This must have been the conclusion reached by the trial judge, who heard and saw the witnesses and then rendered judgment dismissing the plaintiff's suit. In any event plaintiff had the burden of proving the case by a preponderance of the evidence and we believe that she has failed to do so.

For the reasons assigned the judgment is affirmed.