## BOUDRO v. UNITED STATES FIDELITY & GUARANTY CO. et al.

### No. 14119.

Court of Appeal of Louisiana. Orleans.

Jan. 16, 1933.

Prowell, McBride & Ray, and Welton P. Mouton, all of New Orleans, for appellant.

Spearing & McClendon, of New Orleans, for appellees.

HIGGINS, J.

This is a suit by the wife of a tenant against the owner and the insurance carrier, in solido, for the sum of $12,500 damages, for personal injuries consisting of a fractured external malleolus of the left ankle, said to have resulted when the fifth step of the staircase broke due to "the rottenness thereof and its supports or foundations and that, as a result thereof, your petitioner fell backwards to the floor."

The defendants answered admitting that the plaintiff was the wife of the tenant in the premises, but denying that she had fallen as a result of any vice or defect in the premises, and specially pleaded that if she were injured as a result of any vice or defect in the steps, that the rent had been reduced from $22 to $13 in consideration of the plaintiff and her husband undertaking to keep the property in a proper state of repair, and hence plaintiff's alleged injury was caused through her own neglect and fault and that of her husband.

There was judgment in favor of the defendants dismissing the suit, and the plaintiff has appealed.

The record shows that the plaintiff and her husband had been occupying the premises No. 543 Governor Nicholls street in the Vieux Carre section in this city for over two years; that on May 5, 1931, about 10 o'clock p. m., the plaintiff went down stairs and, on attempting to ascend the steps, fell backward causing a chip fracture of the malleolus bone in the left ankle; and that she was taken to the Charity Hospital for treatment, where an X-ray was made and a plaster cast later applied to the ankle.

The eyewitnesses to the alleged accident consisted of the plaintiff's son, 21 years of age, her married daughter, Miss Lillian Francis, a friend, and herself. They testified that the plaintiff came down stairs, where the other witnesses were, and as she attempted to go up stairs, upon reaching the fifth step, she fell backward, striking her head on the floor and causing her to be rendered unconscious, and to injure her ankle; that her husband and son then carried her up stairs, and, thereafter, again down stairs to an automobile, which conveyed her to the hospital. The plaintiff's husband did not see the accident because he was up stairs, but states that upon hearing his wife scream he ran to her assistance. None of these witnesses, on direct examination, stated that the step broke, as plaintiff stepped upon it, except the plaintiff and her son. He stated in his direct examination that he and his father had fixed the steps, and the step in question was all right. A little later on in his testimony he said the step broke, but at no time did he testify that it was in a decayed or rotten condition. The plaintiff testified that she was 57 years old and weighed 175 pounds, and that, as she reached the fifth step, it broke and she fell backward down the steps, striking her head on the floor, which rendered her unconscious. None of these witnesses stated that the steps or their supports were in a decayed or rotten condition.

The other witnesses did not mention the broken step until redirect examination, upon specific and pointed questions from counsel for the plaintiff. While the plaintiff's evidence shows that the alleged broken step is still in the possession of plaintiff and her husband, it was not produced and offered in evidence.

Plaintiff claims that she injured the back of her head by falling from the fifth step, but

does not make any claim for damages therefor. The hospital record offered in evidence by the defendants shows that the plaintiff only sustained a contusion of the left ankle and a chipped fracture of the external malleoli of the left foot.

The only evidence offered by defendants consisted of the testimony of two colored neighbors, who stated that they heard loud talking and a disturbance at the premises; a groceryman in the neighborhood, who testified that whenever the plaintiff's husband requested any lumber for the purpose of making repairs to the premises he always furnished it upon the instructions of Miss Pelarmo, who was employed by the owner to collect the rent; and Miss Pelarmo, who testified that the building is a brick tenement and that the plaintiff and her family occupied an apartment on the second floor and that on July 6, 1931, the plaintiff's husband requested her to furnish some lumber and she told him to go to the groceryman, who would supply it, but to date of the trial he had not done so.

The trial judge gave the following reasons for his judgment:

"This case involves only a question of fact and hence requires a hearing or reading of the evidence to reach a conclusion.

"Under that evidence, heard by the Court, I have reached the conclusion that plaintiff is not entitled to recover. Suit dismissed."

From the foregoing reasons it is apparent that he did not believe the testimony of the plaintiff and her witnesses.

 The law is clear that the landlord is not responsible for any injuries that a tenant, or any one lawfully in the premises, may have sustained as a result of a fall, unless the fall was caused by a vice or defect in the premises. The mere fact that a tenant fell and was injured in leased premises does not raise any presumption of negligence on the landlord's part, or that he failed to keep the building in a proper state of repair.

 The plaintiff bore the burden of proving her case by a preponderance of the evidence, and our learned brother below, because of reasons affecting the credibility of herself and her witnesses, did not feel that she had done so. The question then arises whether or not the judgment of the trial court is manifestly erroneous. While the petition alleges that the fifth step broke because it and its supports were in a rotten condition, neither the plaintiff nor her witnesses testified that the steps or their supports were in a rotten or decayed condition. They content themselves with merely saying that the step broke. They admit that the step is still available and in their possession, but have made no attempt to introduce it in evidence.

After the plaintiff is said to have fallen down the steps, her husband and her son carried this heavy woman up the steps, where first aid was administered, and then down the steps in order to bring her to the hospital; but nothing is said of any inconvenience from the broken step. If the steps had been in the rotten and decayed condition alleged, and if the step had broken in two, as the plaintiff says it did, it would seem unlikely that they would have used this staircase when another was available.

Plaintiff makes no claim for any other injury except to her ankle. Neither she nor her witnesses testified to any other contusions or bruises, except that she struck the back of her head on the floor and was rendered unconscious, and that her ankle was injured. The hospital report does not show any injury except to the ankle. If the plaintiff, who is a heavy person, had fallen backward from an elevation of five steps to the floor, it appears to us that she would have been severely bruised and injured generally. If the step broke, it likewise appears to us that her foot and leg would have gone through the opening, causing scratches, contusions, bruises, and abrasions to the leg; but her evidence shows that she did not sustain them. Under these circumstances we do not feel that we would be justified in saying that the trial judge made a manifest error in not giving credence to the testimony of plaintiff and her witnesses, even though the defendants did not offer any direct evidence to contradict them.

In a case where the testimony of a plaintiff and his witnesses is clear, definite, and in accordance with human experience, and which, if accepted as true, would prove the case by a preponderance of the evidence, and the record is barren of any reason why the trial court disbelieved the plaintiff and his witnesses, we might well differ with the court below and say that the judgment is manifestly erroneous. But where there are several reasons in the record which would justify the trial judge in disbelieving the plaintiff and his witnesses, we do not feel that we could properly say that the judgment is manifestly erroneous.

We have concluded to let the judgment stand, and it is therefore affirmed.

Affirmed.