**PERIQUE et al. v. SALL & ROSENSON et al.***

**No. 14349.**

Court of Appeal of Louisiana. Orleans.

June 29, 1933.

Wm. Green, of New Orleans, for appellants.

Leo R. Wertheimer, of New Orleans, for appellees.

HIGGINS, Judge.

Plaintiff claims damages for personal injuries alleged to have been sustained on May 8, 1931, as a result of a board in the rear porch, of the premises which she was renting from defendant, breaking on account of its decayed condition and causing her to violently fall.

Defendants denied liability and specially pleaded contributory negligence.

There was judgment dismissing the suit, and plaintiff has appealed.

The record shows that the defendants are the owners of the premises bearing the municipal number 2811 Cadiz street; that plaintiff rented the property from them and resided therein; that plaintiff, the only eyewitness in her own behalf, testified that as she walked on the rear porch, the board gave way causing her to fall feet foremost through the hole to the ground, a distance of about four feet; that as a result of the shock she sustained injuries to her reproductive organs which caused severe hemorrhages, necessitating an operation and the removal of them.

We have carefully read plaintiff's testimony, which is unimpressive and unconvincing. While she claims that the board broke under her weight and that she fell through a hole about three feet long and about fifteen or eighteen inches wide, it is not claimed that she suffered any contusions, bruises, scratches, or abrasions. It is quite improbable that she could have violently fallen through the floor of the porch without sustaining some external evidence of traumatic injury.

The alleged rotten broken board was never produced and offered in evidence, and. the only reason given for not preserving it for that purpose was that it was burnt for firewood.

It is our opinion that the plaintiff has failed to bear the burden of proving with reasonable certainty that there was an accident.

If, however, we are in error in the above conclusion, the plaintiff would not be entitled to recover because we are likewise of the opinion that she also failed to sustain the burden of showing that the excessive menstrual flow which necessitated the operation was caused by the fall. Dr. River Frederich, the surgeon who operated upon her, and Dr. George Dempsey, her expert witness, testified that she had a chronic disease of the organs involved prior to the accident and that the fall might have aggravated the condition.

Dr. A. V. Friedrichs, pathologist, who made the microscopic examination of the tissues removed from plaintiff's body in the operation, testified that the plaintiff had been suffering from a chronic disease and that there was no evidence of any acute condition which could result from trauma.

Dr. Walter Levy, the expert witness for defendant, states that in his opinion the fall, as described by the plaintiff, in no way aggravated the chronic ailment from which plaintiff was suffering.

The conclusion which we have reached with reference to the two above issues makes it unnecessary to discuss the plea of contributory negligence.

Under the circumstances we feel that the judgment of our learned brother below should be affirmed.

Affirmed.

*Rehearing denied October 16, 1933.