DAVIS v. SHUSTER.

No. 14495.

Court of Appeal of Louisiana. Orleans.

Oct. 30, 1933.

John J. Wingrave, of New Orleans, for appellant.

J. A. Morales, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by a tenant against a landlord for damages for personal injuries, said to have resulted when a board in the floor of the gallery of the leased premises gave way due to its rotten condition, when she stepped upon it, in the afternoon of March 27, 1931.

Defendant answered denying the allegations of the plaintiff's petition and, in the alternative, pleaded contributory negligence.

There was judgment dismissing the suit, and plaintiff has appealed.

The plaintiff and three witnesses testified that as she walked upon the floor of the gallery one of the boards, on account of its decayed condition, broke in two causing her right leg to go through the opening up to her knee, and her body to fall forward against the frame of the door; that the plaintiff fell so violently and injured herself so badly that it was necessary for two of the witnesses to lift her out of the hole and to place her in bed; that the board was about 3¼ inches wide by about 4 feet long; and that she was treated at the Charity Hospital for her injuries.

The defendant and several witnesses testified that the board in the floor of the gallery was not in a decayed condition and that it was not broken; that plaintiff told them that after she had scrubbed the gallery with soapy water she slipped and fell, injuring the lower part of her right limb.

The evidence is conflicting and hopelessly irreconcilable.

It is significant to note that although the plaintiff alleges and testifies that she sustained a very severe fall and suffered serious injuries, Dr. Frederick Fenno, who examined her two days after the accident, states that he was unable to find any contusions, bruises, abrasions, or lacerations on the alleged injured member. One of plaintiff's witnesses testified that her leg was swollen and scratched, while another stated that he did

not see any scratches on her leg after the accident occurred.

The Charity Hospital report shows that the plaintiff reported to the "out patient department" on March 30, 1931, three days after the alleged accident, complaining of having sustained a fall which injured her shoulder, chest, and right knee. The entry diagnosis and final diagnosis are negative as to any injury to her lower limb.

It seems incredible that plaintiff could have fallen through a broken board of the gallery flooring, as she and her witnesses state, without sustaining some evidence of injury to her leg. The splintered edges of the board would have certainly scratched her skin, and if the fall was violent she positively would have been bruised.

It is significant that plaintiff admits that the parts of the alleged broken board had been in her possession, but that she did not preserve them in order that they might be produced as evidence in the case.

After a careful examination of the record we find, as did our learned brother below, that plaintiff failed to prove her case. Cosey v. Scott, 17 La. App. 680, 137 So. 361; Preston v. Darcy (La. App.) 141 So. 874; Potter v. Soady Building Co. (La. App.) 144 So. 183; Boudro v. U. S. F. & G. Co. (La. App.) 145 So. 294; Perique et al. v. Sall & Rosenson et al. (La. App.) 149 So. 134.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.