### CASTAIN et al. v. LOGRACO.

### No. 14538.

Court of Appeal of Louisiana. Orleans.

Jan. 29, 1934.

W. J. & H. W. Waguespack, of New Orleans, for appellants.

M. C. Scharff and Robert Skinner, both of New Orleans, for appellee.

WESTERFIELD, Judge.

The parents of Thelma Castain brought this action ex delicto against the defendant, as the owner and landlord of the premises in which they lived, to recover damages for personal injuries which their minor daughter is alleged to have sustained when the concrete top of the brick column of the gate on the premises fell upon her legs as she was passing, resulting in a fracture of the tibia of her left leg.

The defendant denied that the accident occurred in the manner alleged in the petition and averred that the child fell from the fence while playing thereon and injured her knee, and in the alternative, pleaded contributory negligence.

There was judgment dismissing the suit, and the plaintiffs have appealed.

The evidence shows that the defendant owned and leased the premises in question to the plaintiff, who resided there with his wife and two children. In front of the house is a brick fence, with the gateway formed by two brick columns, at the top of which is ornamental concrete work.

■■ There were only two eyewitnesses to the accident: the mother of the child and a witness for defendant by the name of Louise Newman, who lived in the neighborhood. The former testified that she was seated on the front porch, which faces the fence, rocking her sick baby; that her small daughter, Thelma, three years of age, ran through the gate to the sidewalk, and then, in attempting to run back into the yard, placed her hand on the brick pillar as she passed it, with the result that a large part of the top of the pillar, composed of brick and cement and weighing about 75 pounds, fell to the ground and rolled over both of the child's legs, pinning her to the pavement; that she screamed and Goldie Gordon, who was facing her and engaged in conversation, turned around, lifted the heavy object from the child, and picked her up.

Goldie Gordon, who testified in behalf of the plaintiffs, stated that she was not present at the time the accident occurred, but was home, next door, in her front room; that she heard the mother scream and went into the plaintiffs' front yard, where the mother handed her the baby and then proceeded to take the injured child in her arms; that she did not take any bricks off of the child; and that she did not see any bricks on the little girl.

Louise Newman, a witness for defendant, said that she lived across the street from plaintiffs and, from her front porch, had a clear view of the fence and front yard of

plaintiffs' home; that on the afternoon in question she saw Thelma playing on the fence and saw her fall off to the concrete walk; that her mother, who was rocking her baby on the front gallery, screamed; that Goldie Gordon came over and the mother gave the sick baby to her and then proceeded to lift the child from the ground and carry her into the house; that she did not see any bricks or any concrete fall from the column.

There are other witnesses who testified both for the plaintiffs and the defendant with reference to whether or not the top part of the column was loosened before the accident, but we believe that it is unnecessary to discuss their testimony in view of its conflicting nature. Goldie Gordon clearly contradicts the mother's statement that she was present when the accident occurred and lifted the bricks off the child and picked her up. On the other hand, the defendant's witness, Louise Newman, who says the child fell from the fence and that Goldie Gordon then went to the scene of the accident and took the baby from the mother's arms while she picked up Thelma, is in accord with the Gordon woman's testimony.

We may add that, even if the large and heavy brick and concrete topping of the column was loose and sitting on top of the column, that it would hardly have fallen even if the child had pushed it with the intention of dislodging it because of its great weight.

In any event, the plaintiffs had the burden of establishing their case by a preponderance of the evidence and failed to convince our learned brother below. After carefully reading the record, we believe that his conclusions are well founded.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.