## DUGAS v. MAYER.

### No. 16862.

Court of Appeal of Louisiana. Orleans.
March 21, 1938.

James G. Schillin, of New Orleans, for appellant.

Leopold Stahl, of New Orleans, for appellee.

JANVIER, Judge.

Louise Dugas, widow of Adjacent Foster, alleges that while she was a tenant of Mrs. Grace Mayer in the premises No. 4620 South Liberty street she received physical injuries when she "fell through one of the wooden planks" of the front porch. She avers that she was not herself at fault in any way and that defendant, as lessor, is solely responsible for the injuries sustained.

Defendant denies that plaintiff was the lessee of the premises in which the accident is said to have occurred, maintaining that, as a matter of fact, she had leased the premises next door known as No. 4618 South Liberty street and that, at the time of the accident, if any such accident took place, she was a trespasser in the premises in which she alleges she was injured. De-

fendant also contends that no such accident in fact occurred and that plaintiff could not have been injured in the manner alleged because she could not have fallen through the hole caused by the breaking of the particular plank which she alleges gave way, and that, as a matter of fact, the allegations of her petition show such uncertainty and indecision on her part as to cast grave doubt on her charge that she was injured at all.

In the district court there was judgment for defendant, the district judge having reached the conclusion that plaintiff was a mere trespasser in the house known as No. 4620 South Liberty street and that, as a result, defendant owed her no legal duty except that of refraining from willfully injuring her.

The building, a small double house, had been acquired by Mrs. Mayer, the defendant, from David Glinky, on or about September 19, 1935, and at that time plaintiff occupied the side bearing No. 4618. There was no written lease and plaintiff paid her rent—when she did pay it—by the month. Mrs. Mayer employed as her agent Mr. E. L. Weil, who, in turn, employed his nephew, to collect the rent and to represent the owner in negotiations with her tenants. Defendant seems to have had no direct dealings with any of the said tenants. Shortly thereafter Mr. Leo Weil, the nephew, was removed from duty, and Mr. Ralph Katz was chosen by Mr. E. L. Weil to collect rents and to deal with Mrs. Mayer's tenants. On January 19, 1937, plaintiff moved from No. 4618 to No. 4620 and she maintained that she did so with the consent of Katz, who was attempting to dispossess one Baptiste, who occupied the premises No. 4620. According to plaintiff, Katz told her that if Baptiste moved from No. 4620 she might move into that side of the house. Katz was then succeeded by a Mr. Zimmerman, who, calling at the building to collect rent from plaintiff, found her in the side numbered 4620, and made no complaint at finding her there, though he states that she should have been in No. 4618. He accepted from her, from the side known as No. 4620, rent for one-half of a month. Katz denies that he at any time gave plaintiff his consent to move into No. 4620 and, in explanation of the failure of Zimmerman to protest when he found her in that side of the house, counsel argues that Zimmerman collected rent

from so many tenants that he could not be expected to notice at once the wrong person occupying any particular house. As counsel puts it: "With all of the houses Zimmerman had to collect from, and considering the nature of the business involved, he had a right to presume that the plaintiff belonged in 4620 South Liberty Street without going into the question."

But Zimmerman avers that he knew she was in 4620 and not in 4618 and that he "just thought he would find another tenant for 4618 and would let it go at that."

The record convinces us that the negotiations looking to the rental of the properties were conducted by the rent collectors who called on the tenants and that, by custom, these were vested with authority to contract for leases and to agree to changes in occupants, so long as the rent agreed upon should be paid. The situation is remarkably similar to that which was involved in Johnson v. Louisiana Ry. & Navigation Co., 151 La. 1075, 92 So. 704, 705, from which we quote:

"Plaintiff leased a room at No. 1320 Girod street, and paid her rent in advance. Finding that this room leaked, she applied for another to a woman whom defendant's collector had placed in charge of the properties as a sort of superintendent, factotum, and go-between to look after the tenants, bring him their rent, and take back the receipts which he gave her. This person told plaintiff that there was a vacant room at No. 1312 Girod street, which she could have; and plaintiff moved in.

"Three days later plaintiff walked out on a side porch to hang up a towel and stepped on a plank which broke under her; whereby she lost her balance and fell to the ground 12 feet below.

"The contention that plaintiff was a mere trespasser when she entered the premises No. 1312 Girod, is therefore unfounded on the facts as we find them."

We are also convinced that the rent collector of defendant knew that plaintiff had moved from No. 4618 to No. 4620 and that he made no protest at the said change, and that, therefore, rent was collected from plaintiff as the tenant of No. 4620. Under the circumstances plaintiff has established her right to be in that side of the building.

■ We consider next the defense that, as a matter of fact, no accident actually occurred. But here, as so often is the case, defendant is totally without evidence, whereas plaintiff's testimony, though to some extent contradictory and at variance with her pleadings, nevertheless is not so untrustworthy as to warrant a finding that she is not entitled to recover, particularly in the absence of contradictory testimony.

Defendant seeks to persuade us that the physical facts show that plaintiff could not have broken through the particular board which, she says, gave way, and that she would not have struck against the adjacent post that portion of her anatomy which she alleges was injured. In the face of the positive evidence, however, defendant's theories cannot prevail. It may be that plaintiff's claim is entirely manufactured, but, unfortunately for defendant, there is no evidence which justifies our reaching such a conclusion.

■ We are not convinced that plaintiff's injuries were in any way serious. She was under the duty of proving them by a preponderance of the evidence. She does show, however, that she had had an operation for gall bladder in September, 1936, and that, to some extent, this old condition was "lighted up," or made acute, by the accident. The record shows that she received contusions and bruises and Dr. Coker states that "she had a severe trauma, a 'lick' on the right side, and there was an oozing of bile from the incision which was made and she was vomiting bile and could not retain anything on her stomach." He had previously made a report which showed that the injury sustained "was over the region of the gall bladder"; that she had been continuously under his professional supervision since the injury on February 19th, the report being made on May 5th. The plaintiff herself testified that at the time of the trial she still found it very difficult to stand up. We feel, however, that there is no permanency to the injury. Plaintiff has shown expenses of approximately $100, the details of which need not be here recounted. An award of $400 under all the circumstances should be ample compensation.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff, Mrs. Louise Dugas, widow of Adjacent Foster, and against the

defendant, Mrs. Grace Mayer, in the full sum of $400, with legal interest from judicial demand and for all costs.

Reversed.