HENRY F. TURNER, Judge pro tem.
The plaintiffs in this case, husband and wife, rented an upstairs duplex apartment from a Mr. Culotta. Mr. Culotta carried a public liability insurance policy on the premises at 5837 Louis XIV Street in the City of New Orleans with the defendant company. The plaintiffs had occupied the premises for approximately fifteen months, when, on December 12, 1960, at approximately 8:00 p. m. the plaintiff, Mrs. Kaplyn, while descending the stairs leading to their apartment, fell and received certain injuries. As a result of her fall, she filed this suit in which her husband, jointly with her as head and master of the community, are claiming damages for her injuries, medical, surgical, hospital expenses, etc. The claim was based on the alleged defective condition of the steps. On the trial of the case below, the District Court rejected their demands and dismissed their suit, to which judgment they effected an appeal to this Court.
As a basis for plaintiffs’ claim, they alleged and attempted to prove that the stairs were of a defective design. The evidence in the case, as testified to by an expert engineer and also as shown by photographs of the stairs offered in evidence, convince us that the District Judge was correct in his judgment. There was no attempt to show that the steps were in a defective condition at the time of Mrs. Kap-lyn’s unfortunate accident. Mrs. Kaplyn was descending the steps to take her small dog out for a walk, and in our opinion, the little dog had something to do with her fall. The Kaplyns had used the same steps in the same condition for a period of more than fifteen months and had never noticed any defect, nor had they complained to the landlord. At the time of the trial of the case, they were still occupying the premises in the same condition and still had made no complaint to the landlord. The Kaplyns, their maid, and many others no doubt had used these steps over this period of time without mishap.
We had occasion to consider a case concerning the design of steps in New Orleans in the recent case of Curet v. Hiern, La.App., 95 So.2d 699, in which we stated:
“While the style and design of the stairway might not comply with present-day architectural or regulatory standards, this would not be sufficient to say that the premises were defective or that a trap existed. The stairway, as the record describes it, seems to be of a type not uncommon in the vicinity of New Orleans and particularly in many older buildings. If we were to hold that there was a trap in the premises, then we would in effect be condemning stairways in thousands of dwellings and buildings in this locality. There is no element of a trap, nothing was hidden, concealed, or which could not have been seen by a person using a minimum of precaution. Plaintiff has fallen short of proving that any defect in the premises was responsible for her injuries and hence she cannot be successful in her demands. It was incumbent that she make such showing. See Burch v. Mathson, La.App., 26 So.2d 230; Dugas v. Mayer, La.App., 179 So. 607; Castain v. Lograco, La.App., 152 So. 153; Potter v. Soady Bldg. Co., Inc., La.App., 144 So. 183; Cosey v. Scott, 17 La.App. 680, 137 So. *326 361. This court said in Boudro v. United States Fidelity & Guaranty Co., La.App., 145 So. 294, 295:
“ ‘The law is dea r that the landlord is not responsible for any injuries that a tenant, or any one lawfully in the premises, may have sustained as a result of a fall, unless the fall was caused by a vice or defect in the premises. The mere fact that a tenant fell and was injured in leased premises does not raise any presumption of negligence on the landlord’s part, or that he failed to keep the building in a proper state of repair.’ ”
Pages 704 and 705 of 95 So.2d:
“The large number of cases involving persons who fall down stairs and attempt to recover damages for their injuries from the owner or occupant of the premises provoked comment from the writers of Shearman & Redfield on Negligence. In Vol. IV, Sec. 797, page 1820, we find:
“ ‘It is not uncommon for a person to fall down stairs when there is no defect in the stairway or its covering. A heel may catch on the edge of the stair, or the carpet, and a fall results. The fault rests, not with the stairway, but with the person who so placed his foot. Too often, the accident having so happened, such a person seeks a “defect” through which to pin upon another the damage flowing from his own lapse. The frequency of that situation led one justice, during argument of an appeal, to make the ironic comment that “They always find it.” ’ ”
The insurance policy in question was filed in evidence in the case. It contained a medical payment provision providing for a maximum of $250.00 for each person injured on the premises of the insured. The policy, however, contained among its exclusions a provision excluding persons regularly residing on the premises, which effectively excluded the plaintiffs herein.
For these reasons, we think the judgment of the District Court is correct, and it is, therefore, affirmed.
Affirmed.