CHRIS T. BARNETTE, Judge pro tem.
The plaintiff, a tenant of defendant, brings this suit for damages on account of personal injuries sustained by her in a fall *56 in the rented premises on August 2, 1960. From a judgment for defendant rejecting plaintiff’s demands, she has appealed.
The plaintiff-appellant, a sixty-nine-year-old woman at the time of the accident in question, sustained a fractured right hip as the result of a fall in the rented premises at 6081/4 Baronne Street in the City of New Orleans which she had occupied for two months. She bases her right to recovery on allegations of vices or defects in the premises which created a hazardous condition which she described as a trap. This, she contends, was the proximate cause of her fall and resulting injury.
The entrance to plaintiff’s apartment is at the end of a long narrow hallway leading from the street entrance to the building. Approximately midway the hallway there is a step-up followed by a level space of several feet, then two steps up into the doorway of plaintiff’s apartment. There is a door which opens inward into the apartment and a screen door which swings outward into the hallway. This door is equipped with a common screen door spring. The defects, vices or hazardous conditions complained of are inadequate lighting of the hallway and, more particularly, that there is a cabinet about four feet high, described as a safe or desk, placed against the wall a foot or two from the steps into plaintiff’s apartment. It is alleged, and we think evident from testimony and photographs in the record, that this cabinet projects out from the wall in such manner as to create a partial obstruction to the opening of the screen door.
Plaintiff, who was not well, being bothered with an eye irritation, had treated her eyes with eye drops and was resting on the bed. The door bell rang and she got up to go to the street entrance to admit a practical nurse, whom she was expecting. She opened her apartment door and pushed the screen door open. It is alleged that the door struck the cabinet causing it to spring back suddenly and unexpectedly striking her on the leg causing her to fall.
She had previously, sustained fractures of the left and right hips in unrelated accidents and had subsequently had corrective surgery on the right hip. Both these prior hip fractures had been sustained in falls. She had impaired vision and other infirmities and walked with the assistance of a cane. Her hospital record extending back over several years is voluminous.
The landlord’s liability for injuries caused by defective premises is well defined in our law and jurisprudence. LSA-C.C. art. 2695; Lasyone v. Zenoria Lumber Co., 163 La. 185, 111 So. 670; Potter v. Soady Bldg. Co., La.App., 144 So. 183; Castain v. Lograco, La.App., 152 So. 153; Dugas v. Mayer, La.App., 179 So. 607; Burch v. Mathson, La.App., 26 So.2d 230; Kaplyn v. Globe & Republic Insurance Co. of America, La.App., 160 So.2d 324. This liability is not that of an insurer, but is based upon the existence of a vice or defect constituting negligence.
The alleged improper lighting of the hallway does not seem to us to have had any bearing upon the accident in question. It appears from the testimony and the photographs filed in evidence that the screen door did open against the cabinet, and it is entirely probable that it did spring back as alleged, but we fail to see where there was any defect or vice in the premises which could have been the proximate cause of plaintiff’s fall and resulting injury.
The screen door opened almost to a full ninety degrees before striking the cabinet, sufficiently at least to permit passage without difficulty. The plaintiff had occupied the premises for two months prior to the accident and was familiar with this condition. There is no testimony that she had experienced any difficulty with the door, nor had she complained about it. She did testify, however, of having complained about inadequate lighting in the hallway.
As we see it, and evidently the trial judge did also, this is simply a case of an unfortunate accident to an elderly woman who *57 already was afflicted with handicaps and infirmities. It is most regrettable, but we find no justification to hold her landlord liable in the absence of proof of a defect or vice which could have been the proximate cause of her fall.
The question presented is one of fact and there does not appear to be any error in the judgment of the trial court and its judgment will not be disturbed in the absence of such error. Orlando v. Polito, 228 La. 846, 84 So.2d 433; Platt v. Scarborough, La.App., 108 So.2d 802; Oubre v. Judice, La.App., 147 So.2d 745; Fortenberry v. Scogin, La.App., 149 So.2d 732.
The judgment appealed from is affirmed.
Affirmed.