FRUGÉ, Judge
(dissenting).
Although I concur with the majority’s holding that defendant’s insured was not, under the facts of this case, negligent in failing to repair the latch on the window screen, I must respectfully disagree with the refusal of this court to allow recovery of medical expenses in the amount of $250.-00 under the medical payments provision of the homeowners policy.
The majority holds that plaintiff, Mrs. Poe, was “regularly residing” in the home of the insured within the meaning of the exclusionary clause. The facts show that Mrs. Poe and her husband had at times resided with Mrs. Poe’s parents. However, in the months just prior to the accident they had acquired their own home. Because of financial difficulties, they were forced to give up their home and, while Mr. Poe was awaiting word concerning promised employment with an automobile agency in Lake Charles, the Poes stayed with Mrs. Poe’s mother, Mrs. Jones. The accident occurred some two or three weeks after the Poes began their stay with Mrs. Jones. Although Mr. Poe was employed in Lake Charles about a week after Mrs. Poe’s accident, she could not join him in Lake Charles at that time because of her injuries.
The majority cites the cases of Liprie v. Michigan Millers Mutual Insurance Company, La.App. 3rd Cir., 143 So.2d 597, and Kaplyn v. Globe & Republic Insurance Co. of America, La.App. 4th Cir., 160 So.2d 324. These cases are inapposite. The Liprie case involves the interpretation of a coverage clause rather than an exclusionary clause and is concerned generally with who is a resident of a certain household. In the Kaplyn case, where the policy of insurance contained an exclusionary clause identical to that of the instant case, the court simply held that a rent-paying tenant residing continuously on the leased premises for fifteen months prior to incurring an injury was “regularly residing” there within the meaning of the policy.
Even conceding that Mrs. Poe was residing in the home of Mrs. Jones, it is necessary to interpret the word regularly. Webster defines “regular” as: “3. steady or uniform in course, practice, etc., not characterized by variation from the normal or usual; as, a regular pulse; regular habits.” Within this meaning it would seem that Mrs. Poe’s residence with her mother was not one which was usual or normal.
In interpreting the meaning of “regular use” of an automobile within a public liability policy exclusionary clause, this court, in Lincombe v. State Farm Mutual Insurance Company, La.App. 3rd Cir., 166 So.2d 920, held that an automobile furnished to the insured for her temporary use by an automobile dealer while awaiting the arrival of a new vehicle, was not furnished for her “regular use.” It may be pointed out that in the instant case it was contemplated that Mrs. Poe would stay with her mother only temporarily.
It is, of course, well settled that where an insurance policy is ambiguous or subject to more than one reasonable interpretation, then that interpretation most favorable to the insured should be accepted since it is the insurer who has written the contract. Lincombe v. State Farm Mutual Automobile Insurance Co., supra; Jones v. Standard Life & Accident Ins. Co., La.App. 2nd Cir., 115 So.2d 630.
It is respectfully urged that under the interpretation most favorable to the insured, plaintiff would be entitled to receive an amount not to exceed $250.00 under the medical payments provision of this policy.