### POTTER v. SOADY BLDG. CO., Inc.

### No. 4387.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

Reynolds, Hamiter & Hendrick, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer and Dickson & Denny, all of Shreveport, for appellee.

DREW, J.

Plaintiff sued for damages in the amount of $36,031, together with interest at the rate of 5 per cent. per annum from judicial demand until paid, for injuries received when he fell down the stairway leading from the first floor to the second floor of the office building owned by the defendant.

He alleged that he was lawfully in said building and was attempting to reach the second floor, where he was going on business with one of defendant's tenants, and, as he approached about the midway point of the said stairway, which is a wooden structure and very steep, about twenty-five steps in length, that he stepped on a step or tread which was defective and broken, and it gave way with him, causing him to lose his balance, throwing him down the stairs to the bottom, and severely injuring him. He alleged that the piece of lumber serving as a tread or step on which he stepped at the time was cracked, worn, weakened, and unsafe, and that it was dark and ill lighted on the stairway. Plaintiff alleged negligence on the part of defendant in maintaining and permitting its premises to become in such a state of decay and in need of repairs, and that the condition of the step made it dangerous and hazardous for persons to climb said stair.

Plaintiff itemized his damages and prayed for judgment accordingly.

Defendant admitted it is a corporation domiciled in Shreveport, La.; that it owns the building in which plaintiff was injured; and that it is an office building, but denies each and every other allegation of plaintiff's petition. It avers that, if plaintiff suffered any injury at all, it was through no fault of defendant, but was caused by plaintiff's own negligence and carelessness in failing to use reasonable and ordinary precaution to observe where he was walking, the condition and position of the steps, and, in the alternative, it pleaded contributory negligence.

The lower court rejected plaintiff's demands and he has appealed from that judgment.

■ There can be no dispute as to the law applicable to the case. Revised Civil Code, articles 2692 and 2695, is clear and the numerous decisions of the courts of this state have held these articles to be applicable, not only to the lessee, but to his guests and those lawfully in the building. Thomson et al. v. Cooke et al., 147 La. 922, 86 So. 332; Schoppel et al. v. Daly, 112 La. 201, 36 So. 322; Ciaccio v. Carbajal, 145 La. 869, 83 So. 73.

This being true, the only question before the court is one of fact. Was the step, which plaintiff contends caused him to fall, in need of repair to such an extent as to be dangerous, and did the condition of the step cause plaintiff to fall?

The stairway is made of wood and consists of twenty-four steps from the first floor to the landing on the second floor. The eleventh step from the bottom was cracked, the crack beginning on the right-hand side of the step two and three-fourths inches from the front, or nose, of the step and extending entirely across to the left side of the step, a distance of about four feet, at which point the crack was a half inch from the front or nose of the step. The testimony is not certain that the crack went entirely through the step, although one witness says he could stick his knife blade entirely through the crack at places, and at other places he could not. However, this question is immaterial, due to the other facts that are certain. It is certain that the front part of the step was not entirely separate from the remainder of the step and that the front part of the step did not turn or pull loose from the remainder of the step. Numerous witnesses made an examination of the step just after the accident. They put their weight on it and tried to find out how the step caused the accident. The preponderance of the testimony of all who made the examination is that, if an average man should place his weight on the step, it would give slightly, about one-eighth of an inch. Several reputable carpenters examined the step, all of whom swore that the step is not dangerous, but, to the contrary, that it is sound and perfectly safe. The testimony shows that the tenants of the building and their employees, some twenty in number, made use of this stairway from four to six times a day and had never found the step dangerous nor had it caused any of them any inconvenience.

We are cognizant of the law of this state to the effect that a man may be negligent in a particular matter a thousand times without mischief, yet if the mischief or injury does occur, the person to whom the negligence is imputable is liable in damages, and that the testimony of the tenants who made daily use of the steps would not in itself be conclusive, but it is strong corroboration of the other direct testimony that the steps are sound and not dangerous. It is also true that several weeks after the accident, the landlord had three or four 8-penny finishing nails driven into the steps in an attempt to pull the crack closer together, but the testimony is conclusive that the nails did not make the step any sounder than it was before.

■■ The issue is therefore reduced to the question of whether or not a step in a stairway that would give one-eighth of an inch, when stepped upon by plaintiff, was such a

vice or defect as was contemplated in articles 2692 and 2695 of the Revised Civil Code, and, if so, was it such a vice or defect that would cause plaintiff to be thrown down the stairway while attempting to ascend in an ordinary and careful manner.

The lower court found that the defect in the step did not cause the accident and we find no manifest error in its finding. If plaintiff had used ordinary care in ascending this stairway, the condition of the step could not have caused the accident. No doubt, it would have been wise of defendant to replace the step with a new one. If he had done so, he would have relieved himself of the expense of this lawsuit and possibly future lawsuits, in case any one should fall down the stairs. However, this is a matter in which we have no concern.

■ The accident occurred in the midafternoon on May 28th, and the allegations as to the darkness of the stairway are not borne out by the record. Plaintiff testified that he was in a hurry when he attempted to ascend the stairs. He is sixty years old, and, while hurriedly ascending the stairway, he fell. Just what caused him to fall, we do not know, nor are we called upon to guess at it. It is incumbent upon him to prove that his fall was due to the defect in the step. The defect could not have caused his fall if he had been exercising ordinary care.

The judgment of the lower court is affirmed, with costs.