## DUPLAIN v. WILTZ.
### No. 17330.

Court of Appeal of Louisiana. Orleans.

Feb. 26, 1940.

Rehearing Denied March 11, 1940.
Writ of Certiorari Denied April 29, 1940.

Gerald Netter, of New Orleans, for appellant.

Pierre D. Olivier, of New Orleans, for substituted defendant Stanley F. Wiltz.

WESTERFIELD, Judge.

The facts in this case are stated at length in our opinion in Duplain v. Wiltz, La.App., 174 So. 652, where we overruled an exception of no cause of action and remanded the case to the District Court for a hearing on the merits. The case now comes back to us on appeal from a judgment in favor of defendant. A brief repetition of some of the facts is necessary to an understanding of the litigation.

Mrs. Violet Duplain, the wife of Lowell J. Duplain, the lessee of the premises No. 1901 Marigny Street, in the City of New Orleans, brought this suit against Mrs. O. Noah Wiltz for damages in the sum of $3,000, alleged to be due because of physical injuries sustained by her when she fell down the rear steps of the rented premises. The fall, it is claimed, was caused by the failure of the lessor to keep the steps in proper repair. The basis of the exception of no cause of action was the averment that the defendant was not the owner of the property, as was claimed in the petition. On the trial of this. exception, the court, a qua, admitted testimony which convinced it that the averment of defendant was correct and it dismissed the suit. On appeal to this court, we overruled the exception upon the ground that testimony was inadmissible on the trial of the exception, the allegation of ownership in the petition being taken for true for the purpose of a trial of an exception of no cause of action. After the case had been remanded, or, on the 30th day of May, 1938, the defendant, Mrs. Wiltz, died and her husband, Stanley F. Wiltz, her universal legatee, was made defendant.

It is now conceded that Mrs. O. Noah Wiltz was not the owner of the leased premises at the time of the alleged accident, September 21st, 1935, the property having been sold to the Fidelity Homestead Association on February 1st, 1935, and on the same day that association sold it to Charles Schirmer. It is also conceded that, though Mrs. Wiltz had sold the property, she rented it to Lowell Duplain, the plaintiff's husband, without mentioning the owner, and that she collected the rent. In short, it is admitted that Mrs. Wiltz was the lessor of the property and subject to all the responsibilities and obligations imposed by law or contract upon the lessor. One may lease property belonging to another. Stinson v. Marston,

185 La. 365, 169 So. 436; Art. 2682, Revised Civil Code.

The articles of the Revised Civil Code relative to the obligations of the lessor are Nos. 2692 and 2695, which read as follows:

2692. "The lessor is bound from the very nature of the contract, and without any clause to that effect:

"1. To deliver the thing leased to the lessee.

"2. To maintain the thing in a condition such as to serve for the use for which it is hired.

"3. To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease."

"2695. The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor should be bound to idemnify him for the same."

█ Plaintiff is not the lessee, but the wife of the lessee, and it will be noted that the obligation of the lessor, under the codal articles, runs in favor of the lessee only. No mention is made of third persons, members of the lessee's family, or others who may be rightfully on the premises. Nevertheless, at one time, the scope of these articles was considerably broadened by interpretation. For example, it was, for many years, the law of this State that the guest of the lessee, injured by reason of a defect in the leased premises, stood in the shoes of the lessee, for the purpose of invoking the benefit of Article 2695. Brodtman v. Finerty, 116 La. 1103, 41 So. 329; Schoppel v. Daly, 112 La. 201, 36 So. 322; Bianchi v. Del Valle, 117 La. 587, 42 So. 148; Cristadoro v. Von Behren's Heirs, 119 La. 1025, 44 So. 852; Ciaccio v. Carbajal, 145 La. 869, 83 So. 73; Thomson et al. v. Cooke et al., 147 La. 922, 86 So. 332.

In Klein v. Young, 163 La. 59, 111 So. 495, 497, however, the contrary was emphatically held, as appears by the following: "There are several articles in the Civil Code on this subject. Article 670 makes every owner of a building liable in damages to any neighbor or passer-by who is injured by the fall of any part of the building, through negligence on the part of the owner to keep his building in repair. Article 2322 makes every owner of a building answerable in damages to any person who is injured—either while rightfully inside or while outside of the building—by an accident resulting either from the owner's neglect to repair the building or from a vice or defect in its original construction. Articles 2693–2695 impose upon every lessor of a building the obligation to keep it in repair (except as to the minor repairs listed in article 2716), to guarantee the lessee against vices or defects and to indemnify him if he suffers any loss in consequence of any vice or defect in the leased premises. Articles 2693–2695 are under the title dealing with the contract of lease in the section defining the obligations of the lessor. They import into every contract of lease, where there is no stipulation on the subject, the obligation of warranty on the part of the lessor to keep the building in repair, which obligation is in favor of the lessee only, and has nothing to do with the obligation resulting ex delicto in favor of any other person injured in consequence of neglect on the part of the owner of a building to keep it in repair."

The case of Lasyone v. Zenoria Lumber Company, 163 La. 185, 186, 111 So. 670, 672, decided a few months later than the Klein case, January 31st, 1927, referred to by counsel as a reinstatement of the former jurisprudence which was overruled impliedly, at least, by the Klein case, is not inconsistent with the holding in the Klein case. There the parents and lessees were permitted to recover from the owner and lessor of a building for damages due to the death of their minor child caused by the failure of the lessor to keep the building in proper repair. While recovery was allowed under the articles relative to the obligation of the lessor, the court expressly holding that there could be no recovery against the defendant as the owner because the injury, which had resulted in the death of plaintiffs' child, which was caused by the protrusion of a nail through the wall of the building, constituted "neither the ruin of the building nor a vice in its original construction, in contemplation and meaning of Civ.Code, Art. 2322", and while the injury was sus-

tained by a third person, that is to say, the child of the plaintiffs, nevertheless, it was for damages due to the death of the child that the parents, who were the lessees of the building, were permitted to recover, all of which was consistent with Article 2695 of the Code which decrees that "if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."

But in 1932, the Court of Appeal for the Second Circuit, in Potter v. Soady Building Company, Inc., 144 So. 183, 184, followed the former jurisprudence as appears by the following quotation from their opinion, but no writ of review was applied for: "There can be no dispute as to the law applicable to the case. Revised Civil Code, articles 2692 and 2695, is clear and the numerous decisions of the courts of this state have held these articles to be applicable, not only to the lessee, but to his guests and those lawfully in the building."

This Court, which was reversed in the Klein case and, therefore, less likely to err again, held in Heath v. Suburban Building & Loan Association, 1935, 163 So. 546, 549, that "if the lease is executed by the husband, * * * the wife does not occupy the status of tenant". A writ of review to the Supreme Court was refused. Thereafter, in Tesoro v. Abate, La.App., 173 So. 196, 201, in which certiorari was also refused, we held that "a third person, may not rely upon articles 2693 and 2695 as a ground for recovery * * *. His action is limited to the rights conferred upon him by the Codal articles 670, 2315, and 2322. Articles 2693 and 2695 are under the general heading 'Leases' in the Code and apply only as between the parties to the leased contract. This view is fortified by the language of the Supreme Court in Klein v. Young." Later in Morris v. Hava, 180 So. 216 (no writ of review was asked for), this court followed the ruling in the Heath and Tesoro cases and held that the wife of the lessee could not recover because she was not the lessee.

We conclude that while the question before us has been decided both ways a number of times, it is now well settled that a third person cannot rely upon Articles 2692 and 2695 of the Civil Code, since those articles run in favor of the lessee alone. It follows that since plaintiff is not the lessee her suit must be dismissed, consequently, and for the reasons assigned the judgment appealed from is affirmed.

Affirmed.