The suit is for damages in the sum of $2,950 which plaintiff claims to have sustained on April 13, 1938, when she fell through the floor of a porch in a house in Lake Charles which she and her husband were renting from the defendant for $12 per month. She alleges as she started to walk off the front porch of this house the floor, because of its defective and rotten condition, gave way and she fell through, injuring her left ankle, knee and hip; that she had no knowledge of the defective and decayed condition of said floor. Her alleged damages are made up of her personal injuries, partial permanent disability, loss of salary and medical expenses. The defendant is a resident of Texas and jurisdiction of the case was obtained by an attachment of defendant's property in this state.
The defendant filed an exception of no cause or right of action, but in view of the conclusion reached it will not be necessary to consider this exception.
In his answer, the defendant alleges that when he acquired the property several years previous to the alleged injury, the plaintiff was living in it and continued to reside in the property and was well acquainted with its condition; that plaintiff failed to pay the rent and in December, 1937, he notified her through his agent that she must make arrangements to vacate the property immediately; that she refused to vacate, and in March, 1938, just before the accident, plaintiff begged permission to remain in the premises for a short period, and she was advised that if she remained in the premises, she would do so at her own risk. In the alternative, and in case the court should hold that plaintiff did not assume the risk incident to her occupancy of the house, and that the defendant had knowledge of its defective condition, he pleaded contributory negligence on the part of the plaintiff in that she had knowledge of the condition of the floor and deliberately walked onto the porch which gave way with her excessive weight.
The trial judge sustained the defendant's plea of contributory negligence and dismissed plaintiff's suit. She has appealed.
It may be stated at the outset that the evidence does not support the allegation of the defendant that plaintiff was in arrears with her rent and had been threatened with eviction on that account, nor does it sustain his allegation that she remained in the house at her own risk after March, 1938. It is also conceded by the defendant that the floor on the porch of this house was in a bad condition and in need of repair. It therefore follows that the defendant would be liable to plaintiff for whatever damages she sustained by falling through this defective floor, under the plain provisions of Article 2695 of the Civil Code, unless the plaintiff was guilty of such contributory negligence as to bar her recovery. *Page 476 
While the above-named article of the Code makes the lessor liable for any damage sustained by the lessee because of the vices and defects in the leased premises whether or not the former knew of these vices and defects, yet if the proximate cause of the injury resulting from the defective condition of the premises was the failure of the lessee to take proper precautions to avoid an injury where he is aware of the defects, or where the defects are apparent, no recovery can be had. Parker v. Kreber,153 La. 191, 95 So. 601; Johnson v. Lucy Realty Co., Inc., La.App., 187 So. 325.
There is a decided conflict in the testimony in this case as to whether or not there was a hole in the porch floor, or the condition of the floor was such as to make the defects in it apparent to the plaintiff who had lived in the house for several years and had walked over the floor hundreds of times. That plaintiff either stepped into a hole which was already in the floor or stepped on defective boards which gave way causing her to fall through and injure her leg, is fully shown by the evidence. The trial judge analyzed the evidence and reached the conclusion that there was a hole in the floor between the steps and the front door large enough for plaintiff to have seen and that her contributory negligence in failing to see and avoid the defect in the floor was the proximate cause of the accident.
Plaintiff testified that she had gone out to meet her son who had been away for some time and had brought her a box; that she was bringing this box in the house (not going out of her house as alleged in her petition) and when she got midway between the steps and front door, she fell through the porch. She admits that some boards on the edge of the porch were broken and that there was a broken place at the steps coming onto the porch and she had put a board over that broken place, but she denies that there was any hole in the porch between the steps and front door where she fell. She admitted that the porch was defective around the edges but the center seemed to be good.
Luther Kent who was about 60 feet away testified that he saw plaintiff fall through the floor of the porch; that it was a broken plank, the floor came down and she fell through between the steps and the front door. Celeste Malbrou, a woman about 69 years of age, testified that she was sitting on her porch about 30 feet away when plaintiff fell; that the board through which plaintiff fell did not break but came loose; that the board was not nailed down and extended all the way across the porch; that she pulled out this loose plank and threw it out after plaintiff had fallen. This witness also testified that she had not seen any hole in the porch where plaintiff fell before the accident. A.M. Fontenot, plaintiff's husband, testified that there did not appear to be anything wrong with the porch floor where his wife fell, but on the end the floor was bad.
For the defendant, four witnesses testified on this point, in substance, about as follows: Jim Oliver, defendant's rent collector, said the porch floor was in bad condition, holes in it, partly rotten and was falling down; that the hole which plaintiff fell in had been there several months; this hole was 7 or 8 inches wide and 22 to 24 inches long and could easily be seen. Arthur McCurtis said that he had seen the porch in passing the house and it was in a bad condition; that there were broken boards on it and spaces in the floor where there were no boards at all, the boards having been broken off; most of these broken boards were close to the edge of the porch. Armand Singletary who repaired the building two or three months after the accident testified that the joists and floor on the porch were rotten, and there was a hole about three feet from the steps where two boards were missing; that the holes in the floor appeared to have been there for several months. The defendant himself testified that there were holes in the porch before the accident, and up about middle ways the porch one or two boards were out, and on entering the house from the steps it was necessary to step over this hole.
Another witness, Herbert Oliver, also testified for the defendant on this point, but the trial judge did not give any weight to his testimony, and as the trial judge disregarded his testimony, we will not consider it.
Not only do we fail to find sufficient evidence to reverse the trial judge's finding of fact, but we find several circumstances which tend to support his finding. It is obvious that the entire porch floor was in a bad condition and plaintiff knew it. She was no doubt walking rather fast with the box in her hand and was not *Page 477 
watching her steps as closely as she should have while going over a floor with loose plank and holes in it. She is a rather large woman and could not handle herself with the same agility as a younger and smaller woman. One of her own witnesses testified that the plank where she fell was not nailed and extended all the way across the porch. Admittedly, there were broken boards on the edge of the porch, and plaintiff herself admits putting a board in a broken place on the porch at the place where she came from the steps onto the porch. If that was the condition of the floor just above the steps and if, as her witness says, there was a loose board all the way across the porch, the dangerous condition of the floor must have been apparent to plaintiff. While the floor was in an inexcusably bad condition, we agree with the trial judge that the fault and negligence of the defendant in failing to keep the premises in repair was the remote and secondary cause of the accident and the negligence of the plaintiff in failing to see and avoid the dangerous defects in the floor was the direct and proximate cause of her injury.
Finding no error in the judgment appealed from, the same is hereby affirmed.