In this suit plaintiff is seeking to recover damages which she claims to have suffered from an injury to her back caused from a fall which she sustained by stepping on the back porch steps of a house which her husband was renting from the defendant. She claims that the steps were rotten and decayed and gave way and that the defendant and his agent knew of such defective condition and failed to repair the same.
There were exceptions filed in the lower court, which were overruled, but are not urged in this Court. It becomes unnecessary for us to discuss or pass upon these exceptions, as we consider that they have been abandoned.
In answer the defendant admitted that he was the owner and lessor of the premises and that plaintiff was the wife of the lessee, but denied that the steps were defective and that she had suffered an accident and injury as she claimed. In further defense, the defendant sets out that plaintiff's husband had failed to pay the rental for three months and had been notified to vacate the premises, without avail, and that plaintiff or her husband had failed to notify him or his agent of the defects and also of the injury which she claims to have sustained.
Upon these issues the case was tried. The lower court rendered judgment in favor of the defendant, rejecting plaintiff's demand. Plaintiff has appealed.
In so far as the defendant's contention that the plaintiff's husband had failed to pay the rent and had been notified to vacate the premises prior to the alleged accident, we find no merit. While the evidence shows that plaintiff's husband was not diligent in the payment of his rent when due, yet the evidence shows that from time to time the defendant accepted such payments without complaint, thereby acquiescing in the indulgence of plaintiff's husband in so doing. It was only after this alleged accident and the suit was filed that such a defense came into the mind of the defendant. In other words, it is merely an afterthought, and so was the suit thereafter filed for the collection of the past-due *West Page 50 
rent. Plaintiff's husband, after being sued for the past-due rent, readily paid the same.
The evidence clearly shows that one side of the steps was loose, sloping towards the other end, for some period of time; that the steps were in a rotten and defective condition and that the plaintiff fell as she was going from the back porch of the house to the yard, by the breaking loose of the steps.
Upon these facts the trial judge found that the defendant had not been notified of the defective condition of the steps or that he had had any knowledge of their unsafe condition and that therefore plaintiff could not recover under Article 670 or 2322 of the Civil Code. He also held, in view of the decision of Duplain v. Wiltz, La.App., 194 So. 60, that she could not recover under Article 2695.
We feel it unnecessary to discuss plaintiff's right of recovery under Article 670 or 2322 as we feel that her right of recovery is under Article 2695. In the case of Duplain v. Wiltz, supra, the lessor was not the owner of the building. This case was decided by the Orleans Circuit Court of Appeal. That court recently had under consideration a case wherein the wife was suing the lessor and owner of the premises for damages due to an injury which she received when the steps gave way with her, practically the same case as presented to us. In that case the defendants relied on the case of Duplain v. Wiltz. That court held that its decision was only authority for such cases where the lessor was not the owner of the premises, and not where the lessor was both lessor and the owner, and that the case of Duplain v. Wiltz was not apposite to the case under consideration. See Hughes v. Abate, 2 So.2d 68. We also are of the opinion, for the same reason, that the case of Duplain v. Wiltz is not applicable to the case at bar.
This Court has had under consideration the liability of the owner as lessor of premises to the wife of the lessee. We held that Article 2695 applied. In the case of Landry v. Le Bleu, 172 So. 19, dealing with defective steps such as the one under consideration, we expressed ourselves to the effect that the wife need only prove two things: First, that she fell on the steps of the rented house, and that this fall was caused by some defects in the steps. Second, that she was injured by the fall, and if so, the extent of her injury. This decision is supported by the decisions of Schoppel v. Daly, 112 La. 201, 36 So. 322; Wise v. Lavigne, 138 La. 218, 70 So. 103, and Breen et ux. v. Walters,150 La. 578, 91 So. 50, being three decisions of our Supreme Court. See, also, the case of Fontenot v. Angel, 2 So.2d 475, recently decided by this Court.
The reason for our conclusion is that the husband owes to the wife and his family the duty of providing them with a home, and when he so contracts for this home, he contracts not only for himself, but also for his wife and his family. The wife and members of his family have an interest in the contract of lease in the form, you might say, of a quasi contract and a stipulation pour autri. In the face of the duties owed by the head of the house, and the mutual duties owed by the members of his family, we do not see how we can reasonably hold that the wife and members of his family must be placed in the position of third persons in so far as the rights of recovery under Article 2695 are concerned.
Moreover, it is noted that under our system of community property the wife has a vested interest in the community. In the instant case there existed such a community. As the husband entered into this contract of lease with the defendant, the lease contract became an asset of the community, and the wife can be considered as a colessee of the premises.
We must hold, and do hold, that this article applies not only to the husband, but also extends to the wife and members of his family.
Under our holding in the case of Landry v. Le Bleu, supra, plaintiff has satisfactorily proved that she and her husband were occupying the house under a lease from the defendant as owner; that she fell from the steps of the rented house because of the collapse of the steps caused by the decay of the rafters holding the steps and that she suffered some injury because of this fall.
As to the extent of her injuries, the evidence is somewhat vague and indefinite, but is sufficient to show some sufferings. We have the testimony of Dr. J.W. Watson that within a few days after the fall he had occasion to treat the plaintiff for soreness in the lower back. To corroborate this, plaintiff and her husband also testified to the same effect. We also have the *West Page 51 
testimony of a neighbor of plaintiff and the testimony of a grocery clerk. Under these circumstances we believe that a judgment of $250 is sufficient to compensate the plaintiff for sufferings.
For these reasons, it is ordered that the judgment appealed from be reversed and set aside and that there now be judgment in favor of the plaintiff and against the defendant in the full and just sum of $250, with 5% interest thereon, from judicial demand until paid, together with all costs.