GULOTTA, Judge.
Defendant, Travelers Insurance Company, the liability insurer under an owner’s, landlord’s and tenant’s policy with the named insureds, Mr. and Mrs. Sam Guc-cione, d/b/a Deluxe Motel, appeals from an adverse judgment in favor of plaintiff. The named insureds were absolved from liability.
The facts are that the Gucciones purchased the Deluxe Motel in 1958 and operated it until 1970. In February, 1970, the motel was leased for a period of five years to Leroy and Mary Kane, son-in-law and daughter of the Gucciones. During the time that the Gucciones operated the motel, they owned and cared for a dog. Thereafter, during the tenancy of the Kanes and after the Gucciones no longer lived on the premises, the dog remained at the motel under the care and supervision of the Kanes. During the Kanes’ tenancy, on May 5, 1974, a visitor of one of the motel guests was attacked by the dog and was injured. This suit followed.
The suit was directed originally against the Gucciones individually and d/b/a Deluxe Motel and their insurer, Travelers. A supplemental and amended petition substituted Leroy and Mary Kane, son-in-law and daughter of the Gucciones, individually and d/b/a Deluxe Motel for the Gucciones as parties defendant. Travelers Insurance Company remained a party defendant. In a second supplemental and amended petition, Mrs. Sam (Mary) Guccione was added as a party defendant individually and d/b/a Deluxe Motel. A jury verdict was rendered in favor of plaintiff and against Travelers, and plaintiff’s suit was dismissed against Mrs. Guccione.[1]
In answer to specific interrogatories propounded to it, the jury found that the insurance policy issued by Travelers to the Guc-ciones, d/b/a Deluxe Motel, covered the dog bite injury.
In this appeal, Travelers claims the jury erred in awarding a judgment against it when its named insured, Mrs. Guccione, was absolved from liability. Travelers relies on the following provisions of the policy which read:
“I. Coverage A — Bodily Injury Liability Coverage B — Property Damage Liability
“The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage A. bodily injury or
Coverage B. property damage
to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investi *717 gation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company’s liability has been exhausted by payment of judgments or settlements.”
The policy provisions clearly state that the insurer’s responsibility is to pay on behalf of the insured those amounts which the insured becomes legally obligated to pay. In the instant case, the jury found no obligation on the part of the named insured, Mrs. Guccione, to pay for the damages resulting from plaintiff’s injury. Although we are not favored with any factual findings regarding the ownership, supervision and care of the dog, by inference, a reasonable conclusion may be drawn that the dog was under the care and supervision of the Kanes and not Mrs. Guccione. We might add that a review of the record clearly supports this factual inference.
Because we are persuaded that the result reached by the jury is based on a conclusion that at the time of the dog bite incident the dog had become the responsibility of the Kanes and not Mrs. Guccione, any award casting Travelers requires a determination that the policy had been reformed to provide coverage to Mr. and Mrs. Kane, d/b/a Deluxe Motel, and not the named insureds, Mr. and Mrs. Guccione.
A party seeking reformation of an insurance policy must show, by a preponderance of the evidence, either mutual mistakes by the contracting parties resulting in an insurance policy which does not express the actual intent of the parties or a mistake on one side and fraud on the other, if fraud is alleged as a basis for reformation. See Adams v. Ross, 300 So.2d 192 (La.App. 1st Cir. 1974) and cases cited therein. Clearly established also is the rule that the burden is on one seeking reformation to prove error, and he must carry this burden by clear and convincing evidence. See Ferguson v. Belcher and Son, 230 La. 422, 88 So.2d 806 (1956); Rougeau v. State Farm Mutual Automobile Insurance Company, 262 So.2d 803 (La.App. 3d Cir. 1972). In the instant case, no fraud is alleged and reformation, if it indeed exists, must be based upon mutual mistake.
Our consideration of the record leads to a conclusion that clear and convincing evidence was not offered to show a reformation of the insurance policy. The only evidence bearing on reformation was the testimony of Mrs. Guccione. While she stated that her son-in-law and daughter had paid the premiums on the insurance during their lease of the premises, she further testified that no discussion had taken place with the agent about changing the names. Though she did testify that she had called her insurance agent and had asked if the premiums were paid on the policy (apparently during the lease with the Kanes), there is no other evidence in the record to indicate that the insurer or its agent knew or should have known or was advised that the Kanes were intended to be the insureds under the policy. Based on this evidence, we cannot conclude that the burden of proof was successfully carried to show reformation.
We are mindful that the conclusion reached by us on reformation results in the reversal of a jury verdict and results in the exoneration of the insurer from liability. We point out, however, in considering the propriety of the jury verdict we are confronted with a sufficiency of evidence question (a legal one) and not a manifest error one. We simply conclude plaintiff failed to carry the burden of showing (by clear and convincing evidence) reformation of the insurance contract.
We distinguish Herbert v. Breaux, 285 So.2d 829 (La.App. 1st Cir. 1973) and Perry v. Law, 334 So.2d 523 (La.App. 1st Cir. 1976), writ denied, 337 So.2d 529 (La.1976), cited by defendant. In these cases, evidence existed in the record to indicate that the insurer’s agent was informed of the other party’s intention that the policy cover someone other than the named insured. As indicated previously, no such evidence exists in our case.
*718 Anderson v. Sciambra, 310 So.2d 128 (La. App. 4th Cir. 1975), writ denied, 313 So.2d 835 (La.1975), also cited by defendant, where the court found reformation, is likewise distinguishable. In Anderson, the owners of a building (on which there was insurance coverage in the owners’ names) donated the property to their daughter. After the donation, the prior owners (the parents) purchased liability insurance, the policy providing coverage to the prior owners, the parents, as named insureds, and not to the new owner, the daughter. In Anderson, we concluded under these circumstances the parents clearly intended to purchase the insurance for the new owner. We indicated that the former owners had clearly purchased the insurance to protect the new owner and the insurer intended to sell insurance to protect against the apartment building owner’s liability. In our case, Mrs. Guccione, as owner, could have been subjected to liability. Such was not the situation in Anderson.[2] Furthermore, as we indicated earlier, there is simply no evidence in our case to indicate that the insurer was notified of the intention of the parties or that it intended to insure the lessees. Under the circumstances, we conclude the jury erred in casting the insurer in judgment.
Accordingly, the judgment of the trial court in favor of plaintiff and against Travelers Insurance Company is reversed and set aside. Judgment is now rendered dismissing plaintiff’s suit against Travelers Insurance Company. Costs to be paid by plaintiff.

REVERSED AND RENDERED.

. Mr. Sam Guccione died prior to the commencement of this suit. Although the Kanes were served, no answer was filed on their behalf and the trial judge, in his charge to the jury, informed the jurors that plaintiff was entitled to obtain a default judgment against the Kanes. The record, however, does not contain any default judgment against the Kanes.

. Mrs. Guccione leased the property to the Kanes. In Anderson, the property had been donated by the named insureds to the new owner.