BEER, Judge.
Orastine Smith, a tenant, sued McGitti-gan and Palmisano, her landlords, for injuries sustained when the porch gave way as she approached her front door. Pleas of contributory negligence and assumption of risk were advanced by the defendant-appellants. The trial court awarded damages precipitating this appeal.
*599 Contributory negligence is a valid defense in instances where a tenant foolhardily undertakes to negotiate an “apparently and imminently dangerous” situation.
In this regard, appellants rely on Redd v. Sokoloski, 2 So.2d 266 (La.App. 2d Cir. 1941), which affirmed a trial court finding of contributory negligence in a situation where decedent’s injury and death resulted from a fall from a rotten porch. Decedent and his wife lived on the premises for thirteen years, and, for the past five years, the flooring had obviously been in a defective, decayed and rotted condition, growing worse as time elapsed. The court concluded:
“Where a tenant has knowledge of the generally defective condition of a portion of the rented premises, but it reasonably appears that he might safely use it with the exercise of care, his use in such manner does not constitute contributory negligence that would bar his recovery in an action for damages resulting from the defects. If, however, he was aware of the defect causing the injury and it was such as to indicate to a reasonable-minded person that use of the defective portion was apparently and imminently dangerous, recovery is not permitted.” (Emphasis added.)
Here, the record indicates some knowledge of decay since Smith, herself, acknowledges that “they (the porch boards) was bent down like they would go through.” Thus, we believe that the record supports a conclusion that Smith knew the steps were in poor condition (having previously asked the landlord to repair them) but, even so, was not aware of any imminent or clearly apparent danger.
In Wilson v. Virgademo, 258 So.2d 572 (La.App. 4th Cir. 1972), we affirmed a plaintiff’s verdict despite her prior knowledge of the wobbly condition of steps upon which she was injured. In that opinion, we reasoned that “While the defect was admittedly obvious we do not find it was so ‘apparently and imminently dangerous’ that she might not safely use it with the exercise of care.” See, also, Anderson v. Sciambra, 310 So.2d 128 (La.App. 4th Cir. 1975), and, in particularly, Revon v. American Guarantee and Liability Ins. Co., 285 So.2d 354 (La.App. 4th Cir. 1973), wherein we reiterated the test for contributory negligence under C.C. art. 2695:
“It is conceded plaintiff was aware the steps were slippery prior to her accident. Whether her use thereof despite this knowledge constitutes contributory negligence is contingent upon the hazardous condition as it existed at the time. If it should have been apparent the use of the stairway would probably result in an accident, then her negligence contributed to its occurrence. Or, to put it another way, if she should have been aware of imminent danger but acted in a foolhardy manner in using this stairway despite her reasonable apprehension, then she should not recover. However, if she reasonably thought she could descend safely by the exercise of due care, despite the slippery condition, her use thereof did not constitute contributory negligence.”
Also note Watson v. Bechtel, 360 So.2d 26 (La.App. 4th Cir. 1978).
Here, the defendant acknowledged visits to the front door — crossing the porch — to collect the rent. She had no apprehension about walking across the porch, though she believed it was in need of repairs.
Though Smith concedes awareness of the unstable condition of the porch, the trial court’s factual conclusion regarding the applicability of the claim of contributory negligence can be supported by the record and is not manifestly erroneous. The judgment is affirmed.

AFFIRMED.