DOUCET, Judge.
This is an appeal from a judgment finding the plaintiff contributorily negligent in connection with a fall down a flight of stairs.
In April 1983, Royce and Bernadette Austin leased a second floor apartment from the defendant, Thomas A. Antoon, on a month-to-month basis. Mr. Austin agreed to make repairs and renovations to the apartment in exchange for six weeks’ rent free.
On the evening of August 25, 1983, Bernadette Austin heard a horn blow outside. She exited her apartment in order to investigate. The light fixture over the staircase was not working, so the stairs were in at least partial darkness. She started to descend the stairs, keeping to the left and holding the wall. As she placed her right foot on the second step, the step broke and she fell to the bottom of the staircase. Ms. Austin filed suit against Mr. Antoon and his insurer, Cambridge Mutual Fire Insurance Co. After a jury trial, a verdict was returned finding that Ms. Austin’s injuries resulted from a defect in stairs which were in the custody of the defendant, but reducing the award by 30% as a result of the contributory negligence of Ms. Austin.
The plaintiff moved for a judgment n.o.v., which was denied. She then moved for a new trial which was also denied.
Ms. Austin moved for a devolutive appeal limited to questions of contributory negligence. The plaintiff argues that no evidence exists of record upon which a finding of contributory negligence could be based.
“Contributory negligence is a valid defense in instances where a tenant foolhardily undertakes to negotiate an ‘apparently and imminently dangerous’ situation.” Smith v. McGittican, 376 So.2d 598 (La.App. 4th Cir.1979).
In this case, the testimony indicates no apparent danger from the stairs. Several witnesses, including Mr. Antoon, testified that they had never had any problem negotiating the stairs. The Austins, their children, and friends, never had any mishaps on the stairs. There was testimony that certain stairs were wobbly. This condition had been discussed by Mr. Austin and Mr. Antoon. Mr. Austin had requested that repairs be made or that he be supplied with the necessary materials so that he could repair the wobbly stairs himself. However, there was no evidence that the stairs were cracked or rotten, nor was there any indication that Ms. Austin was aware of any defect in the steps. Furthermore, the fall did not occur as a result of a wobbly step. Even had Ms. Austin known of the wobble, and acted accordingly, it would not have prevented the step from breaking. Under the circumstances we cannot say that the stairs were “apparently and imminently dangerous”, or that Ms. Austin was foolhardy in attempting to use them. We do not believe that the defendants carried their burden of proving that Ms. Austin was contributorily negligent.
Consequently, the judgment of the trial court is reversed insofar as it concerns the reduction of the award as a result of Ms. *817 Austin’s contributory negligence, and the judgment is recast to make defendant 100% responsible for Ms. Austin’s damages. Defendant will pay all costs below and on appeal.
REVERSED IN PART, AND RENDERED.